666

## THE S. & H. NO. 2, INC.
## THE S. & H. NO. 2.
## THE LACKAWANNA.
### No. 269.

Circuit Court of Appeals, Second Circuit.

May 12, 1941.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for libellant-appellant.

Bigham, Englar, Jones & Houston, of New York City (Andrew J. McElhinney, of New York City, of counsel), for claimant-appellees.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On February 26, 1938, the libellant's tug, S. & H. No. 2, was proceeding up the East River, with a scow in tow on hawsers. When she turned to land at the pier at the foot of Roosevelt Street, Manhattan, to pick up another barge, she was struck by a carfloat, in tow of the claimants' tug Lackawanna, which had been coming up astern between her and the Manhattan shore. The trial judge held that the case was one of special circumstances and granted an interlocutory decree to the libellant but only awarded half damages on the ground that each party was negligent for failure to maintain a proper lookout. We think that the Lackawanna was clearly an overtaking vessel and that the collision occurred because of her neglect to keep out of the way of the libellant's tow.

Article 24 of the Pilot Rules for Inland Waters provides that:

"Notwithstanding anything contained in these rules every vessel, overtaking any other, shall keep out of the way of the overtaken vessel.

"Every vessel coming up with another vessel from any direction more than two points abaft her beam, that is, in such a position, with reference to the vessel which she is overtaking that at night she would be unable to see either of that vessel's side-lights, shall be deemed to be an overtaking vessel; and no subsequent alteration of the bearing between the two vessels shall make the overtaking vessel a crossing vessel within the meaning of these rules, or relieve her of the duty of keeping clear of the overtaken vessel until she is finally past and clear."

According to the findings of the District Court the Lackawanna was coming up the East River somewhat to the port of the S. & H. No. 2 and her tow and saw the latter from time to time ahead of her in the stream. When the S. & H. No. 2 was about 700 feet from the Manhattan shore and had reached a point about opposite Piers 20 to 21 she started to turn toward the slip at the foot of Roosevelt Street in order to pick up her second barge and in turning proceeded across the course of the

Lackawanna and her float. The S. & H. No. 2 did not notice the approach of the Lackawanna until it was too late to avoid a collision between the libellant's tug and the carfloat unless the Lackawanna was under sufficient control to keep out of the way.

The appellee claims that because the swing of the S. & H. No. 2 brought her for a moment around into a position where she was heading slightly down-stream when the Lackawanna was coming up-stream, the latter ceased to be an overtaking vessel. But the manoeuvre of the S. & H. No. 2 was plainly made in an attempt to go across to Roosevelt Street. It was a customary, if not necessary, step in approaching the foot of Roosevelt Street and in no way excused the Lackawanna for crowding on the course of the S. & H. No. 2.

There can be no doubt that the Lackawanna and her float were overtaking vessels and that under our decisions in The M. J. Rudolph, 2 Cir., 292 F. 740; The Industry, 2 Cir., 29 F.2d 29, and The Holly Park, 2 Cir., 39 F.2d 572, they were bound to keep out of the way of libellant's tow. A change of course on the part of the S. & H. No. 2 was no excuse for the failure of the Lackawanna to keep out of her way. We think that the latter knew that she was coming up very close to libellant and, at any rate, should have known this. She remained an overtaking vessel unless and until she had passed clear of the S. & H. No. 2 and in the meantime had to be prepared for any change of course the overtaken vessel chose to take.

The S. & H. No. 2 had the right to rely on her privilege and was not bound to look behind her or to take any steps to avoid a collision by the Lackawanna unless, after seeing the latter, it became apparent that without precautions on the part of the S. & H. No. 2 a collision could not be avoided. The privilege of an overtaken vessel is an extensive one and nothing was proved which indicated that the collision was due to neglect on her part. If she had seen the Lackawanna before she did it is not apparent that she would have been aware of the inability of the Lackawanna to conform to the rule and keep out of her way.

The decree is modified so as to hold the Lackawanna solely at fault. Costs are awarded to the appellant.